HUGHES, J.
 

 |2In this appeal, plaintiff/appellant, Woodrow Harrell, urges the nullity of an adverse judgment rendered in his suit for damages against defendants, Glynn Hall, Black’s Auto, and State Farm Mutual Automobile Insurance Company, on the basis that the trial was held in an improper venue. For the reasons that follow, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 Mr. Harrell alleges that on November 10, 2003 he was injured when an unmanned truck, owned by Black’s Auto and in the custody of Black’s employee, Glynn Hall, ran into his vehicle.
 
 [1]
 
 The case was set to be tried on June 23, 2006 in West Baton Rouge Parish, but sometime prior to that date Mr. Harrell was arrested and detained at the federal prison in Oakdale, Louisiana. He was therefore unable to attend the scheduled trial. A telephone conference was held on the original trial date in the judge’s chambers. Mr. Harrell participated by telephone. Mr. Dedrick Moore, Mr. Harrell’s fourth attorney in this suit, attended the conference in person. At the conclusion of the conference and on the record, Mr. Moore stated that he would file a motion to enroll as counsel, which he did.
 

 Because the Oakdale warden would not release Mr. Harrell to attend his trial, and for the purpose of allowing Mr. Harrell to testify live and participate in his trial, it was suggested by the court that the trial be held at the Oakdale prison located in Allen parish. Although admittedly Allen parish is not a proper venue for Mr. Harrell’s cause, no objection was made by either Mr. Harrell or his attorney and on August 16, 2006 trial was conducted at the federal prison.
 

 [sMr. Harrell and his two attorneys at the time, Dedrick Moore and Anthony Winters, were all present and specifically waived any objection to venue on the record. Also present at the trial were plaintiffs witnesses, Jerome Chaney, Calvin Edwards, and Officer Drew White, the investigating officer.
 

 At the conclusion of the trial, judgment was rendered dismissing Mr. Harrell’s claims. Thereafter, Mr. Harrell filed a petition to have the ruling nullified on the basis that the trial was conducted at an improper venue. After contradictory hearing, a judgment was signed on July 28, 2008 wherein Mr. Harrell’s request was
 
 *1109
 
 denied. It is from that judgment that Mr. Harrell appeals.
 

 LAW AND ARGUMENT
 

 Louisiana Code of Civil Procedure article 197 states, in pertinent part:
 

 B. When in any judicial proceeding the testimony of an inmate is required by law to be given in open court, when an inmate is a party to a judicial proceeding under circumstances giving him the legal right to be present in open court at any stage of the proceeding, or when the presence of an inmate witness in open court is requested timely by a party to litigation and is justified under the facts and circumstances of the case, the trial judge, in his discretion, may order any of the following:
 

 (1) The court be convened and the testimony of the inmate be taken or the proceedings conducted at the institution wherein the inmate is confined.
 

 As such, we find that it was within the trial court’s discretion to take such measures in an effort to assist Mr. Harrell in his ability to attend and participate in his trial. Moreover, a review of the record shows that both Mr. Harrell and his counsel agreed to have the trial at the federal prison in lieu of either taking Mr. Harrell’s testimony by deposition or via telephone. And |4although Mr. Harrell claims that he was prejudiced by the unorthodox locale because of the inability of his witnesses to travel to Oakdale, we note that more witnesses attended the Oakdale trial than appeared on the first scheduled trial date in Port Allen.
 
 [2]
 
 In fact, Mr. Jerome Chaney, Mr. Harrell’s witness, did not appear at the Port Allen trial, but did appear for the Oakdale trial. We find no merit to Mr. Harrell’s arguments. The judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiff/appellant, Woodrow Harrell.
 

 AFFIRMED.
 

 [1]
 

 . The property damage to Mr. Harrell’s vehicle was settled prior to trial. At trial, the preponderance of the testimony indicated that Mr. Harrell was not in his vehicle at the time of the accident.
 

 [2]
 

 . Mrs. Black was the only witness not present at the Oakdale trial. Her testimony, however, was stipulated to on the record. The stipulation was agreed to by the attorneys for both plaintiff and defendants. Moreover, Mrs. Black’s testimony was in no way harmful to Mr. Harrell’s case. She was not present on the date of the accident. Her testimony was necessary only for the purpose of establishing that she did own the unmanned vehicle and that there was a policy of insurance in effect on that vehicle on the date of the accident.